1841.

Whelpley
v.
Van Epps.

---

WHELPLEY *vs.* VAN EPPS and SPENCER.

Where the jurat to an answer stated that the defendant swore that the *facts* stated in the answer, instead of the *matters* stated in the answer, were true; *Held,* that the verification of the answer was sufficient, and was a substantial compliance with the form of the jurat prescribed by the 18th rule of the court of chancery.

October 19.

THIS was an application to take the answer of the defendant Van Epps off the files, for irregularity, on account of an alleged imperfection in the jurat.

*H. C. Whelpley,* for the complainant.

*Cyrus Stevens,* for the defendant.

THE CHANCELLOR. Two objections are made to the form of the jurat in this case : 1st. That the defendant swears that the facts *were true*, in the past tense ; and 2d, That he merely swore that the *facts* stated, in the answer, and not the *matters* therein stated were true. The jurat is in the usual and proper form, so far as relates to the matter of the first objection. It is not in the form of an affidavit in the present tense ; but is a certificate of the officer, stating what the defendant had sworn to. And it is properly in the past tense, certifying that the defendant appeared before him at the time therein specified, and swore that the facts stated in the answer were true ; that is, that they were then true.

The second objection is equally untenable. Although the officer, by inadvertence in administering the oath, or by mistake in drawing up the jurat to the answer, has substituted *facts* for *matters*, which latter is the word used in the 18th rule, prescribing the manner in which bills, answers, and petitions shall be verified upon oath, the jurat is sufficient. The rule merely specifies the substance of the oath to be administered to the party, and not the precise words which are to be used. And there cannot be a doubt, in this case, that if any allegation in this answer was known by the defendant to be false, at the time he swore to the same, he might be convicted of perjury, upon proof of such knowledge. The word *facts*, as stated in this jurat, means the same thing as *matters* ; that is, the matters in the answers which are therein stated as facts.

The motion must therefore be denied, with $8 costs. And the complainant is to have the same time to file his replication to the answer, after the entry of the order upon this decision, as he had when the motion was made.

Order accordingly.