THE AMERICAN LIVE STOCK COMMISSION COMPANY

v.

THE CHICAGO LIVE STOCK EXCHANGE.

*Corporations—Appellate Court—Jurisdiction.*

1. While this court has no jurisdiction where the validity of a statute is involved, in a case where the claim or defense is under a statute, it must determine expressly or tacitly whether such statute exists.

2. The fact that the certificate of the incorporation of a corporation was not filed with the recorder of a given county until after the commencement of a suit in which it is interested, does not subject the validity of its organization to collateral attack.

150    APPELLATE COURTS OF ILLINOIS.

VOL. 41.] Am. Live Stock Com. Co. v. Chicago Live Stock Exch.

3.    A court of equity can not compel one man or a number of men to deal with another, either by direct commandment or by enjoining several agreeing among themselves with whom they will deal.

4.    Nor force a member upon a voluntary association.

[Opinion filed June 25, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. WILLIAM BROWN, for appellant.

Messrs. MILLER, STARR & LEMAN and JOHN S. MILLER, for appellee.

GARY, J.    The appellee is a corporation composed of dealers in live stock, principally at the Union Stock Yards, in Chicago. The appellant is another corporation organized to do business which competes with that of the members of the first.

The manager of the appellant had a membership in the appellee, bought with the money belonging to, and used for the benefit of the appellant.    He resigned, and carried off the certificate of membership, and the appellant filed this bill against the appellee and that manager, asking for the surrender of that certificate by him.    To that extent they have got a decree against the manager so that he is out of the case. The bill alleges that the appellant applied to the appellee to issue to it, or its representative, a certificate in lieu of the one carried off; that the appellee did investigate, and found that the certificate belonged to the appellant, but would not issue to it another; that the appellee had adopted rules, since that certificate was issued, which prevent its own members from buying live stock from commission dealers at the Stock Yards, unless those dealers are also members, and which also disqualify the appellant or any representative of it, or anybody doing business upon the terms which the appellant proposes to its customers, for membership, and that all buyers of live stock at the yards being members of the appellee, the appellant is cut off from all business.    Besides asking to be admitted as a member of the appellee, the appellant by its bill, prayed that

the appellee should be enjoined from notifying its members, or any of them, not to purchase live stock from appellant, and from in any manner endeavoring to prevent appellant and its agents from selling live stock at the Stock Yards, which prayer was granted.

The appellee first demurred to the bill, but the demurrer was overruled with leave to renew the motion to dissolve the injunction, on the coming in of the answer.

When the answer did come, each side filed many affidavits and the court not only dissolved the injunction, but dismissed the bill, and assessed damages on the dissolution of the injunction at $1,250.

From that action of the court this appeal was taken. The appellee moved here to dismiss the appeal, on the ground that the answer below denied the incorporation of the appellant, and therefore a franchise is involved in the case. It is true that one of the questions is whether the appellant is a corporation, but if it is, there is no question that the franchise is its own.

We have no jurisdiction where the validity of a statute is involved, but in every case where the claim or defense is under a statute, we must determine either expressly or tacitly whether there is such a statute. Certainly it can not be the proper construction of the statute, that in every case where a corporation is plaintiff, the defendant may, by pleading *nul tiel*, oust this court of jurisdiction.

The motion to dismiss the appeal is denied. That the appellant is a corporation is proved. The certificate of its incorporation was not filed with the recorder of Cook County until after the commencement of this suit, but that omission does not subject the validity of its organization to collateral attack. Baker v. Backus, 32 Ill. 79.

On the merits it appears that the appellee does no business with the outside world itself. It is composed of dealers in live stock as members, and its object is manifestly, under many well rounded sentences expressing their interest in the welfare of the public, to take care of themselves by fixing rates of commissions, providing remedies for enforcing their contracts

152    APPELLATE COURTS OF ILLINOIS.

VOL. 41.]    Am. Live Stock Com. Co. v. Chicago Live Stock Exch.

with each other, and gathering into their own hands the commission business in dealing in live stock at the yards.

Certificates of membership are issued only to persons signing an agreement to abide by the rules, regulations and by-laws of the association, and all amendments that may, in due form, be made thereto. The government of the appellee is vested in a president, vice-president and nine directors, seven of whom must vote, by ballot, for the admission of a candidate for membership, before he can be admitted.

Unless the appellant is entitled to admission as a member, he has no standing from which to call upon a court to change the rules of the appellee. How can the court require the officers to cast their ballots for the appellant? If, as a corporation, their conduct is detrimental to the public, the State may probably interfere, but a court of equity can not compel one man or a thousand to deal with another, either by direct commandment or by enjoining the thousand agreeing among themselves with whom they will deal.

The object of appellant is to get a membership, for the purpose of doing business for its customers on more favorable terms to them than the present members have among themselves agreed upon.

A court of equity will not force a member upon a voluntary association of the character of the appellee. Pitcher v. Board of Trade, 121 Ill. 412.

What the appellant really seeks is that live stock buyers shall not continue the restraint they have voluntarily imposed upon themselves, that they will buy only from members of the appellee. Such combinations of traders, in furtherance of their own interests, or what they conceive to be their own interests, not dictated by malice toward others, but prompted by desire for their own gain, have quite recently been the subject of elaborate discussion and consideration in England, and held not to be a cause of action by an injured competitor. Mogul Steamship Co. v. McGregor, Law R., 23 Q. B. 598.

As the only manner in which the appellee interfered with the business of the appellant was by rules which confined its members to buying of each other, if the court can not inter-

fere with those rules, the injunction was wrong, because the appellant had no title to the aid of the court on the principal case.

If the bill had presented a title to relief, the dismissal without going into evidence would have been error, but as it did not, it was right.

No argument is made that the amount of damages is excessive, but only that none should have been assessed. We are not called upon to review the evidence upon that point. The appellee had the right to get rid of an injunction which, from its general terms might have involved it in a contempt, and to the expense of getting rid of it, as damages. The decree is affirmed.

*Decree affirmed.*