# Postal Telegraph–Cable Company v. Western Union Telegraph Company.

1. COVENANTS—*Running with the Land.*—Where the owner of a building leased certain rooms in it to a telegraph company for six years and covenanted not to lease rooms in the building to any other tele-

graph company to use as a telegraph office, without the consent of the lessee, and afterward sold and conveyed the whole building to another telegraph company subject to the lease, *it was held*, that the covenant in the lease was not one running with the land and was of a class not to be extended by construction.

**Memorandum.**—Chancery.   In the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Jr., Judge, presiding.   Bill for injunction; dismissed for want of equity; appeal by complainants.   Heard in this court at the March term, 1893, and affirmed.   Opinion filed April 6, 1893.

## STATEMENT OF THE CASE.

This is an appeal from a decree of the Circuit Court of Cook County, dismissing appellant's bill of complaint for want of equity.   Appellant leased from the Phenix Company the northeast corner of the basement of the Phenix building, situated at the southwest corner of Clark and Jackson streets, in the city of Chicago, to be used as its general receiving and delivery office, for a term of six years, beginning May 1, 1892.   The lease contained the following covenant:  " During said term the lessor will not lease offices in said building to any other telegraph company, for use as a telegraph office, without consent of the lessee." Appellee, the Western Union Telegraph Company, with full knowledge of this lease, purchased the building from the Phenix Company, and was about to take possession and establish its general offices in the building, and to use the northwest corner of the basement as a general receiving office.   The bill was filed to enjoin such use.   To this bill the Phenix Company filed a general demurrer for want of equity.   The Western Union Company filed an answer which contained a general demurrer.   The court sustained the demurrer of the Phenix Company, and the motion for an injunction against the Western Union Company being heard upon the original and supplemental bills, the answer of the Western Union Company, and affidavits in support of the bills and answer, the injunction was refused.   The court finding that the only relief sought by complainant was an injunction, dismissed the bill for want of equity, to reverse

which decree, so far as concerns the Western Union Company, this appeal is prosecuted.

### APPELLANT'S BRIEF, J. L. HIGH, ATTORNEY.

The doctrine is now well established, both in England and in America, that where premises are leased with a restrictive covenant upon the part of the lessor limiting or restricting the use of such premises, or giving the lessee their sole use to the exclusion of any business which may interfere with his own, equity will enjoin a breach of such covenant by the lessor or his assigns. The jurisdiction of equity in this class of cases is based upon the inadequacy of the legal remedy, the prevention of irreparable injury and a multiplicity of suits, and the right of the lessee to be protected in the exclusive use and enjoyment of the premises, *modo et forma*, as covenanted in the lease. Kerr. on Injunctions, 396–400, and cases cited; Altman v. Royal Aquarium Society, 3 Ch. D. 228; Tulk v. Moxhay, 2 Ph. 774, affirming S. C., 11 Beav. 571; Jay v. Richardson, 30 Beav. 563; Nicholson v. Rose, 4 De Gex and J. 10; Rankin v. Huskisson, 4 Sim. 13; Frogley v. Earl of Lovelace, John. 333; Manhattan Manufacturing Co. v. New Jersey Stock Yards Co., 8 C. E. Green 161; Kirkpatrick v. Peshine, 9 C. E. Green 206; Western Union Telegraph Co. v. Rogers, 42 N. J. Eq. 311.

Upon similar grounds equity will, at the suit of a lessor or his assigns, enjoin the lessee or his assigns from the violation of covenants in the lease restricting the use and mode of enjoyment of the demised premises, the principles upon which the relief is granted in both classes of cases being the same. Clegg v. Hands, 44 Ch. D. 503; Luker v. Dennis, 7 Ch. D. 227; Barret v. Blagrave, 5 Ves. 555; Tod-Heatly v. Benham, 40 Ch. D. 80; Kemp v. Sober, 1 Sim. N. S. 517; Stees v. Kranz, 32 Minn. 313; Wilkinson v. Rogers, 12 W. R. 284; Bray v. Fogarty, 1 R., 4 Eq. 544; Parker v. Whyte, 1 Hem. & M. 167; S. C., 32 L. J. Ch. 520; Evans v. Davis, 10 Ch. D. 747; Mason v. Mason, Flan. & K. 429; Mander v. Falcke (1891), 2 Ch. 554.

The covenant runs with the land, and binds subsequent purchasers. Complainant's lease being for a term of six

years is an estate for years and is, under the Illinois Statute, real estate instead of personalty, and subject to sale on execution. The covenant, being one which concerns the use and enjoyment in a particular manner of the demised premises, is inherent in the very estate granted. It is, therefore, a covenant running with the land, and complainant is entitled to the same relief against subsequent purchasers as against the original lessor. 1 Wood's Landlord and Tenant, 676 and cases cited; Taylor's Landlord and Tenant, 6th Ed., Secs. 261, 262, and cases cited; Spencer's Case, 5 Coke, 16; 1 Smith's Leading Cases, 9 Am. Ed. 174; Norman v. Wells, 17 Wend. 136; Clegg v. Hands, 44 Ch. D. 503; Wilkinson v. Rogers, 12 W. R. 284; Tatem v. Chaplin, 2 H. Bl. 133; Trustees of Watertown v. Cowen, 4 Paige, 510; Barron v. Richard, 3 Edw. Ch. 96; St. Andrew's Church's Appeal, 67 Pa. St. 512; Revised Statutes of Illinois, Chap. 80, Sec. 15.

It is, however, wholly immaterial whether the restrictive agreement is technically a covenant running with the land, since if it is regarded as a mere personal covenant of the lessor, subsequent purchasers with notice may be enjoined from a breach of the covenant. Tulk v. Moxhay, 2 Ph. 774, affirming S. C., 11 Beav. 571; Catt v. Tourle, L. R. 4 Ch. 654; Kirkpatrick v. Peshine, 9 C. E. Green, 206; Frye v. Partridge, 82 Ill. 267.

FRANK J. LOESCH, of counsel for appellant.

APPELLEE'S BRIEF, JOHN F. DILLON, RUSH TAGGART, AND WILLIAMS, HOLT & WHEELER, ATTORNEYS.

The construction of the covenant is the same in equity as at law. Chitty on Contracts (Ed. 1860), 77, 78, and cases cited; 2 Parsons on Contracts, *494 and note; Kerr on Injunctions, 2d Ed., 398–91.

The meaning of the covenant must be determined by what it says, and can not be enlarged by speculation or conjecture. Bast v. Bank, 101 U. S. 96; Field v. Mills, 33 N. J. L. 254; Consolidated Coal Co. v. Schmisseur, 135 Ill. 371, 377.

Implied covenants are not favored.   Wood's Landlord and Tenant (Ed. 1881), 521; Aspdin v. Austin, 5 Q. B. 671; Sharp v. Waterhouse, 7 E. & B. 816; Dunn v. Sayles, 5 Q. B. 685; Doe v. Guest, 15 M. & W. 160; Sheets v. Selden, 7 Wall. 416; 2 Woodfall, Landlord & Tenant, 675; Des Moines, etc., Ry. Co. v. Wabash, etc., Ry. Co., 135 U. S. 576.

The covenant, being in partial restraint of the beneficial use of property, will be strictly construed and not extended by implication.   Taylor, Landlord & Tenant (5th Ed.), Secs. 402, 403, 406; 1 Washburn, Real Property (5th Ed.), *317; Lawson, Rights, Remedies and Practice, Secs. 2843, 2844; Livingston v. Stickles, 7 Hill (N. Y.) 253, and numerous cases therein cited; Field v. Mills, 33 N. J. L. 254; Brugman v. Noyes, 6 Wis. 1; 4 Kent (12th Ed.) *131; Fox v. Swann, Styles, 482; Gray, Restraints on Alienation, Secs. 4, 5.

The covenant is in its terms purely personal to the lessor, the Phenix Insurance Company.   It does not relate to the demised premises, room A.   It therefore does not bind the Western Union Company as assignee of premises not demised.   1 Washburn, Real Property (5th Ed.), *317; Seers v. Hind, 1 Ves., Jr., 294; Norcross v. James, 140 Mass. 188.

The covenant does not run with the land.   Wiggins Ferry Co. v. O. & M. Ry. Co., 94 Ill. 83; Gibson v. Holden, 115 Ill. 199; Fitch v. Johnson, 104 Ill. 111; Transportation Co. v. O. R. Pipe Line Co., 22 W. Va. 600; Brewer v. Marshall, 19 N. J. Eq. (4 C. E. Green), 537.

The covenant, in express terms restricting only the right to lease offices in the building, does not attempt to limit and has not the effect of limiting, the use of the building by the owner for any purpose whatever.   Kemp v. Bird, 5 Ch. D. 549; S. C. on appeal, 5 Ch. D. 974.

The complainant claiming the benefit of an implied covenant only, is not in any case entitled to an injunction, in the absence of irreparable damage.   Consolidated Coal Co. v. Schmisseur, 135 Ill. 371, 380.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The Phenix Insurance Company owned an office building, ten stories high, on the southwest corner of Clark and Jack-

son streets, having a front of a little more than fifty feet on Clark street, and 216 on Jackson.

It demised to the appellant for six years from May 1, 1892, a room "known as No. A, in the east half of the street or basement floor," which occupied the whole Clark street front and about thirty feet on Jackson, and covenanted that "during said term the lessor will not lease offices in said building to any other telegraph company for use as a telegraph office without the consent of the lessee."

October 25, 1892, the Phenix Company conveyed the whole building, subject to "outstanding leases," to the appellee, which now intends to use part or all of the street floor not demised to the appellant, for a telegraph office in its own business. The appellant filed this bill to enjoin such use.

This covenant means what it says, in equity as well as law. Chitty, Cont., 104 Ed. 1874; Bishop, Cont. Sec. 427; 2 Parsons, Cont., 494; 2 Kent, Com., 554; Kerr, Inj., 389.

No ingenuity could frame a declaration in covenant, by which the use by the Phenix Insurance Company, or by any grantee of that company, as a telegraph office of any portion of the building not demised to the appellant, could be made a breach of the covenant copied.

The restraint goes no farther than the words extend it; it is as easy to conjecture that the Phenix Company would not have consented to any more, as that the appellant desired more. The covenant does not run with the land, and it is of a class not to be extended by construction. Norcross v. James, 140 Mass. 188, where a great deal of learning is collected.

The bill was properly dismissed and the decree is affirmed.