Bryden v. Northrup.

CHARLES B. STAFFORD, attorney for appellant.

JAMES C. HUTCHINS and EDWIN BURRITT SMITH, attorneys for appellee.

# Frederick A. Bryden and Charles E. Steffen v. J. Blanche Northrup and James R. Bryson.

1. INJUNCTIONS—*Unauthorized Occupation by Tenants.*—An injunction will lie to prevent the occupation of demised premises for a purpose prohibited by the lease.

**Bill for an Injunction.**—Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Submitted at the March term, 1895. Affirmed. Opinion filed April 4, 1895.

ELMER BISHOP and ALLEN, PAYNE & BLAKE, attorneys for appellants.

APPELLEES' BRIEF, BLUM & BLUM, ATTORNEYS.

"It is sufficient to say in general terms that whenever, under the terms of a lease, the lessee is restricted to the use of demised premises in a particular manner or for a specific purpose, a violation of the covenants by a use of the premises in a different manner or for another purpose furnishes ground for the interposition of equity by injunction. And in all such cases a court of equity is regarded as the appropriate forum for administering the law, the jurisdiction being based in part upon principles identical to those which govern the adequate remedy of specific performance, and the necessity of preventing a constantly recurring grievance resulting from the continuous breach of the covenants which can not be adequately compensated by an action for damages." High on Injunctions, Sec. 436; 12 Am. & Eng. Ency. of Law, 1025; Howard v. Ellis, 4 Sandf. (N. Y.) 369; Taylor's Landlord and Tenant, Sec. 691.

And the restriction as to the use of the premises in the original lease is binding upon every sub-tenant, although he may never have seen such lease. Wheeler v. Earl, 5 Cush. C. C. 31; Madox v. White, 4 Ind. 72; Webster v. Nichols, 104 Ill. 106.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee demised premises described in the lease," the three story and basement brick dwelling known as number one (1) Washington Place," "to be occupied for studio, salesroom and dwelling purposes and for no other purpose whatever."

The appellant Steffen now holds the basement as an under tenant and has fitted it up and begun to keep there what the parties here call a saloon; by which we understand them to mean what in law is a dramshop.

The Superior Court by decree in favor of the appellee, enjoined such use of the basement, from which decree the defendant appealed.

The words of the lease made a condition that the premises should be occupied " for no other purpose " than those mentioned. White v. Naerup, No. 5351, this court.

It is true that " the words of an instrument shall be taken most strongly against the party employing them," but that rule " ought to be applied only where other rules of construction fail." Broom, Leg. Max., 594.

" We must give to the words their common and generally accepted meaning." Schneider v. Turner, 130 Ill. 28.

Now while we often hear dramshops spoken of as saloons, and see them so mentioned in city ordinances, and on signs upon them may read, " sample room," " family resort " and, perhaps, other designations, yet no one has, as we verily believe, yet endeavored to attract custom by calling his dramshop a " studio " or a " salesroom."

In a strained construction, a dramshop, being a place where sales are made, might be held to be a salesroom; yet such a construction would violate the rule quoted from 130 Ill.

To prevent the occupation for a purpose within the prohibition in the lease, equity will interfere. Taylor, Landlord & Tenant, Sec. 416. The decree is right and is affirmed.