Gregory H. Hovnanian v. Nicholas Bedessern and Edward A. Higginbotham.

63 353
64 290
63 353
66 505

1. INJUNCTION—*Landlord and Tenant.*—A landlord is entitled to an injunction to prevent the violation by the tenant of a restriction upon the use of the demised premises, although the term for which the premises were demised has nearly expired.

2. SAME—*Purpose of an Interlocutory Injunction.*—The only purpose of an interlocutory injunction is to protect the complainant until the merits of the case can be determined. If he can have no relief at the hearing he can have no interlocutory injunction.

3. SAME—*Issued Without Notice.*—An injunction issued without notice and with no showing that cause for so doing existed, under section 3, chapter 69, R. S., entitled "Injunctions," is properly dissolved.

4. EQUITY PRACTICE—*Insufficient Verification of a Bill.*—Where a complainant swears that he "knows the facts stated in his bill, and that all and each of said facts are true," the verification is a nullity.

5. APPEALS—*From an Order Dissolving an Injunction.*—An appeal does not lie from an order dissolving an injunction. Taylor v. Kirby, 31 Ill. App. 658.

**Bill for an Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed March 31, 1896.

CHESTER FIREBAUGH, attorney for appellant.

If the allegations of the bill were sufficient the complainant was entitled to injunction, even though a violation of same would occasion him no substantial injury. Consolidated Coal Company v. Schmisseur, 135 Ill. 371; Kirkpatrick v. Peshine, 9 C. E. Green 206; Stewart v. Winters, 4 Standf. Ch. 587; Star Brewery Company v. Primas, 59 Ill. App. 581.

In dismissing bill the court must have decided something not submitted to it; if it was proper to dissolve the injunction, the bill should have been set down for trial in the regular way, not dismissed. Clabby v. Sheldon, 47 Ill. App. 166; Beam v. Denham, 2 Scam. 58; Martin v. Jamison, 39 Ill. App. 248; Gillett v. Booth, 6 Ill. App. 429.

An order dissolving an injunction is appealable where it is a final order. Clabby v. Sheldon, 47 Ill. App. 166. A

decree dissolving an injunction may be either interlocutory or final. It will be final where no other relief is sought than the injunction, and where it is dissolved for want of equity on the face of the bill. It is therefore an appealable order. Titus v. Mabee, 25 Ill. 232; Prout v. Maghee, 79 Ill. 331; Cors v. Tomkins, 46 Ill. App. 322.

It is the duty of the party who wishes to sustain a decree to preserve the facts or have proper findings made in the decree; the appellee not having done this, there is nothing to support the decree or judgment and it must fall. Marvin v. Collins, 98 Ill. 519; Alexander v. Alexander, 45 Ill. App. 211; Chicago Public Stock Exchange v. McGlaughery, 148 Ill. 382.

H. T. & L. HELM, attorneys for appellee Nicholas Bedessern.

The injunction was granted without notice of the time and place of the application having been given to the defendants, and without showing, from the bill or affidavit in support thereof, that the right of the complainant would be unduly prejudiced if the injunction was not issued without such notice. This was in contravention of the statute. Revised Statutes, Chap. 69, Sec. 3.

An injunction granted without notice is in violation of the statute. A mere statement of a conclusion in an affidavit is not sufficient to make it appear that the complainant will be unduly prejudiced if the injunction is not issued without notice. It is the court, judge, or master to whom that conclusion is to appear, and the facts from which it is to be drawn should be stated to the court, judge or master. King v. Partridge, 60 Ill. App. 475; Carpenter v. White, 43 Ill. App. 451; Brough v. Schanzenbach, 59 Ill. App. 407.

To sustain an injunction, granted without notice, all the essential and material allegations must be positively proved and stated. 1 High on Injunctions, 35.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The case presented by the bill of the appellant is that

Hovnanian v. Bedessern.

June 26, 1895, the appellee, Bedesern, demised to the appellant apartments in a large building for use as a dwelling and office as a physician and surgeon, with an undertaking by the landlord in the lease preventing a saloon being placed in the building. This term is to end May 1, 1896. October 30, 1895, this bill was filed to enjoin a breach of that undertaking.

Such a relief is analogous to a decree for a specific performance. High on Inj., Sec. 1134.

The only purpose of an interlocutory injunction is to protect the complainant until the merits can be determined. If he can have no relief at the hearing, he can have no interlocutory injunction. High on Inj., Sec. 5.

We have held that a landlord might have an injunction to prevent the violation by his tenant of such a restriction upon the use of demised premises. Bryden v. Northrup, 58 Ill. App. 233.

So has the Fourth District. Star Brewery Co. v. Primas, 59 Ill App. 581.

And the principle applies in favor of the tenant as to other parts of the same building, though not included in the demise. Postal Tel. Cable Co. v. Western Union Tel. Co., 51 Ill. App. 62; 155 Ill. 335.

An interlocutory injunction granted without notice upon the filing of the bill was dissolved, as well it might be, both because granted without notice, with no showing that cause for so doing existed, (Sec. 3, Ch. 69, Injunctions,) and because the verification of the bill was a nullity.

The complainant swears that he " knows the facts therein stated, and that all and each of said facts are true." Facts must be true, but which allegations of the bill are of real facts, and which are of fiction?

The meaning of the English language can not be changed by the one isolated decision in Whelpley v. Van Epps, 9 Paige 332. But whether that injunction was properly dissolved is not a question for decision here, as no appeal lies from an order dissolving an injunction. Taylor v. Kirby, 31 Ill. App. 658, has been often followed in this court. So

all that is here said about the granting of the interlocutory injunction is but advisory.

On dissolving the injunction the court dismissed the bill for want of equity.

Whether that was rightly done depends upon the showing made by the bill itself, not upon the verification of it, nor the answer to it.

If the allegations of the bill made a case, the appellant had the right to try to prove them.

And we have not been referred to any valid objection to the frame of the bill. The right or wrong decision of the court in dissolving the interlocutory injunction had no influence upon the character of the relief which might be given to the appellant by a final decree.

If there was some lack of precision, or of sufficient explanation, in some allegations of the bill, it should not be dismissed for want of equity on such ground, but they being pointed out, leave to amend should be given, if asked; if not asked, then the dismissal might follow. It is quite apparent, however, that the bill was not dismissed because of any supposed insufficient statement of the case of the appellant, but because it was supposed he had no case to state. The lease, made an exhibit to the bill, purports to have been signed by agents in their own name of business, though in the body it purports to be a demise from Bedessern. He, by answer, denied the authority of the agents to put the restrictive clause in the lease. The irregularity in the mode of execution was no obstacle to equitable relief, if the agents had authority, and whether they had or not was a question to be tried.

The greatest difficulty we have with the case, is that the term had but six months to run when the bill was filed. There is some discretion in the exercise of equity jurisdiction, even on appeal. Curtis v. Brown, 29 Ill. 201. More in the first instance. C., B. & Q. R. R. v. Reno, 113 Ill. 39.

Considering the usual time required, or at least consumed, to dispose of a chancery cause, should a bill be entertained in a case that in six months will have nothing in it? We

hesitate, but hold that the bill should not have been dismissed because of the short term of the lease.

The decree is reversed and the cause remanded, notwithstanding that the six months have wasted to six weeks. Reversed and remanded.