(*Superior Court of Cook County. In Chancery.*)

## Fannie B. Hayden

### vs.

## Margaret Kelly.

(October, 1902.)

1. MANDATORY INJUNCTION TO COMPEL PERFORMANCE OF PERSONAL SERVICES. A court of equity will not by its writ of injunction, compel the performance of purely personal services. Thus where a person leases a boarding house, in consideration of the making of a monthly payment of $200 in cash, and $25 a month in board and lodging to be furnished to the lessor, and the lessee refuses to furnish such board and threatens to eject the lessor from the premises, the court cannot interfere by injunction, as there is a complete and adequate remedy at law.

2. SAME—REMEDY—DAMAGES. In such a case the lessor would be entitled to recover as damages the amount stipulated in the lease as to the value of the board, viz: $25 a month.

Bill for injunction. Preliminary injunction granted. Motion to dissolve. Heard before Judge Jesse Holdom.

For statement of facts see opinion.

*Meek, Meek, Cochrane & Munsell,* for complainant.

*Edwin Terwilliger, Jr.,* for defendant.

HOLDOM, J.:—

Complainant leased from February 1, 1900, to April 30, 1903, certain premises to defendant, which theretofore and since have been and still are used and operated as a boarding house at a monthly rental of $225, payable, $200 in cash, and board and room to be furnished complainant to the extent of $25 per month.

It appears from the evidence that differences and disputes arose between complainant and the defendant, engendering quarrels and high words, which culminated in one instance in a personal physical combat between them. Contrary to the agreement in the lease and consequent upon these disagreements and quarrels, defendant has threatened to eject the complainant from the room occupied by her in the demised

premises and to refuse to furnish her any more board, to prevent the carrying out and execution of which threat the power of this court and its protecting arm of injunction is invoked by complainant. As a further reason for the intervention of the court the insolvency of defendant is alleged, as well as resulting irreparable injury to complainant.

The facts not being materially disputed the issue resolves itself into one of law.

Can a court of equity by its writ of injunction compel the performance of personal service, such as furnishing and providing nutriment from day to day and at appropriate, seasonable and reasonable times of the day, and if it could, would the duty devolve upon the court of furnishing a menu designating the food to be furnished, with the hours of service, and whether or not, according to the French, German, English, Italian, American or other methods of cooking, in order to steer the defendant clear from an unintentional violation of the court's protecting process? A contemplation of the attitude in which the court would be placed in the assumption of such a task is self-refuting of its power or duty to attempt the experiment of granting such relief.

While the scope of the writ of injunction in these modern times is constantly enlarging, and it is carried into new and sometimes novel fields of activity, yet it has its limitations.

It is well-settled law that a court of equity will not, by its writ of injunction, compel a service which is purely and solely personal, nor by such a writ mandatorily command a personal service to be performed; parties thus situated must be left to their remedy in an action for damages at law. 22 Am. & Eng. Enc. of Law, 1002; *Chicago Municipal Gas Co. v. Town of Lake,* 130 Ill. 42; *Welty v. Jacobs,* 64 Ill. App. 285; *Grape C. C. Co. v. Spellman,* 39 Ill. App. 630; *O'Brien v. Perry,* 130 Cal. 526; *Ikerd v. Beavers,* 106 Ind. 483.

Quotation of authorities to support this contention might be cited in endless array; those quoted, however, are amply sufficient to demonstrate the uniformity of the application of the legal principle here involved.

Has complainant an ample remedy at law? The covenant

of the lease itself is an affirmative answer to the question. The rent reserved is $225 per month, "payable in monthly installments of two hundred dollars in cash *and board and room to be given to Fannie B. Hayden*" (complainant) "*to the extent of twenty-five dollars per month during this lease.*"

The right of complainant to "board and room" is limited to $25 per month, no more and no less; that is the covenant, and a failure to perform it on the part of the defendant can be acquitted by the payment of $25 per month; that would be the measure of damages; that is the agreement of the parties made in the contract. It is true some household furniture is let with the house, but under no condition of the lease would complainant have the right to interfere with the tenant's undisturbed possession and use of the same during the term of the lease and for any damage thereto beyond that of ordinary wear and tear, or destruction or loss of any part thereof, complainant at the expiration of the term will find a remedy in a suit at law. It therefore follows that the temporary injunction heretofore granted must be dissolved and the bill dismissed for want of equity at the cost of complainant.