P. W. HARTS

*v.*

GEORGE F. EMERY, Executor.

*Opinion filed December 19, 1899—Rehearing denied April 11, 1900.*

1. PARTIES—*right of third party to sue on instrument under seal.* The executor of a holder of secured promissory notes may bring assumpsit in his name, as executor, against a purchaser of the mortgaged premises, notwithstanding the assumption clause sued upon was incorporated in an instrument under seal to which the plaintiff's testator was not a party.

2. MORTGAGES—*effect upon assumption contract where notes secured were signed by third party.* That the notes secured by a trust deed were not signed by the maker of the deed but by a third party does not affect the validity of a contract of assumption by a purchaser of the mortgaged premises, by which he agrees to pay specified portions of the indebtedness evidenced by the notes as part of the purchase price.

3. INTEREST—*when correctness of computation of interest is a question of fact.* The correctness of the trial court's computation of interest is a question of fact in the Supreme Court, on appeal from the

Appellate Court, in the absence of any ruling on propositions of law indicating that the court entertained erroneous views of the law on such matter.

4. LIMITATIONS—*when statute presents no defense to suit on assumption agreement.* One who assumes, as part of the purchase price, the payment of specified portions of an indebtedness evidenced by notes of a third party, secured by a trust deed upon the premises purchased, is personally liable to the holder of the notes; and the fact that an action on the notes against such third party would be barred by the statute presents no obstacle to the successful prosecution of a suit on the assumption contract.

5. SAME—*when payments prevent running of statute.* Payments of interest on a secured indebtedness by one who has the legal right to pay the debt and remove the lien, and thus discharge the obligation resting upon him by reason of his contract of assumption, prevent the running of the Statute of Limitations in his favor.

6. CONTRACTS—*what constitutes a written agreement for extension of time.* A written instrument providing for an extension of time on notes, which is prepared by the agent of the holder of the notes, sent by mail to the party who has assumed their payment, signed by him and returned by mail to the holder, who retains and acts under it until his death, constitutes a written agreement between the parties as fully as if it had been signed by both of them, and parol evidence as to its terms is inadmissible.

*Harts* v. *Emery,* 84 Ill. App. 317, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

On March 9, 1874, Adelaide Elder sold and conveyed to Elvira W. Spaulding, for $10,000, block 2 of H. L. Stewart's subdivision in Chicago, and received as part payment three promissory notes, for $2666.66 each, drawing eight per cent annual interest, executed by Richard M. Poucher and payable to the order of Edward F. Sweet, trustee. These notes were secured by a trust deed executed by Elvira W. Spaulding to Sweet on said block 2, which recites that the notes were given for part of the purchase money. Sweet endorsed the notes to said Adelaide Elder and she sold and endorsed them to Hanson M. Hart, appellee's testator. On September 13, 1874, El-

vira W. Spaulding and her husband conveyed the west one-half of the said block to Speed Butler, subject to the trust deed, and Butler, by a clause incorporated in the deed, assumed to pay $4332 mortgage debt, with interest from and after that date. On January 21, 1875, she and her husband conveyed the residue of the premises,—the east half of said block,—to Butler, who, by a clause inserted in the deed, assumed to pay the additional sum of $4125, with interest. On March 1, 1875, Butler and wife conveyed the premises to the appellant. This deed described the property as the east half and west half of the block, and contained the following assumption clause as to the east half: "Subject, however, to a trust deed dated March 13, 1874, of the whole of said block 2, given by Elvira W. Spaulding to Edward F. Sweet, trustee, to secure three promissory notes, each for $2666.66, with interest at eight per cent per annum, payable, respectively, in one, two and three years from said March 13, 1874, of which encumbrance the party of the second part assumes the sum of $4332, with interest from and after the date hereof, according to the tenor and effect of the notes in the said trust deed mentioned, but does not assume any further or greater sum." And the following assumption clause as to the west half of the block: "Subject to a trust deed dated March 13, 1874, covering said block 2, given by Elvira W. Spaulding to Edward F. Sweet, trustee, to secure three promissory notes, each for $2666.66, with interest at eight per cent per annum, payable, respectively, in one, two and three years after said March 13, 1874, of which encumbrance the second party assumes the sum of $4125, which said sum includes the interest on the said notes to January 1, 1875, but does not assume any further or greater sum." Interest was paid on the notes by P. W. Harts until March 13, 1894.

On January 9, 1895, P. W. Harts, the appellant, executed and delivered to appellee's testate, H. M. Hart, the following contract:

"Whereas, Hanson M. Hart, of Portland, in the State of Maine, holds three notes at hand of $2666.66 each, dated March 13, 1874, one payable in one year from date, one in two years from date and one three years from date, with interest at eight per cent per annum, signed by Richard M. Poucher, payable to the order of Edward. F. Sweet, trustee, all of which came to the hands of said Hart duly endorsed, which said notes are secured by a mortgage or trust deed from Elvira W. Spaulding of certain real estate; and whereas, I, P. W. Harts, am the owner of said land subject to said trust deed, and am to pay the said notes and arrears of interest and such as shall accrue; and whereas, said Hart, at my request, has forborne to enforce payment of said notes by suit, foreclosure of said trust deed, or otherwise, and I find it inconvenient to pay said notes for the present:

"Now, therefore, in consideration of the forbearance and indulgence of the said Hart in the premises, I hereby promise and agree that in the event he shall hereafter resort to legal remedies for collecting said notes by suit, foreclosure of said trust deed or otherwise, I will not avail myself of the Statute of Limitations or interpose any obstacle in defense, and in case I shall sell or otherwise dispose of my interest, I engage that said notes and interest shall be fully paid, to the intent that said Hart shall lose nothing by his forbearance, past or future. This agreement shall be binding on me, my heirs, assigns and legal representatives, and shall inure to the benefit of said Hanson M. Hart, his heirs, executors and assigns.

"Dated Springfield, Ill., January 9, 1895.

P. W. HARTS."

Hanson M. Hart subsequently died, and this suit was brought by appellee, as his executor, against P. W. Harts, appellant. The suit was an action in assumpsit. The declaration counted on the notes, the trust deed, *mesne* conveyances to defendant, with the assumption clauses and the above quoted contract. The defendant pleaded the general issue, and gave notice in writing that he should rely as special matters of defense upon the trial, that there was no personal liability on his part to pay interest; that at the date of the contract all right of the trustee to foreclose the trust deed was barred by the Statute of Limitations; that all right of the payee to

sue on the notes and liability of the payer thereon had been barred by the Statute of Limitations; that the agreement or offer of the defendant to pay was without consideration; that it was without mutuality and that it was usurious.

In the circuit court a jury was waived and the trial had before the court, resulting in a finding and judgment in favor of appellee for $10,903.22. The Appellate Court affirmed the judgment, and this is a further appeal by the appellant, Harts.

EDWIN B. HARTS, for appellant.

CHARLES L. CAPEN, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

It was competent for the appellee to bring the action in his name as executor and in assumpsit, notwithstanding the assumption clauses sued on were incorporated in an instrument under seal and to which his testator was not a party. *Webster* v. *Fleming,* 178 Ill. 140.

The court properly construed the clauses in the deed conveying said block to the appellant to bind him to make payment of the amount assumed, together with interest at the rate mentioned in the notes which evidence the indebtedness, in whole or in part, so assumed to be paid. The undertaking to pay interest at the rate specified in the notes is not so directly expressed in the assumption clause attached to the conveyance of the east half of the block, but a liability is clearly set forth to pay a specified portion of an encumbrance created by trust deed for the security of certain notes, the tenor of the notes and the trust deed being fully stated. Such notes and trust deed then constituted a legally enforceable lien on the block, and the contract of assumption was properly construed to be an undertaking to make payment of the designated portions of the amount of said

notes, together with interest thereon at the rate speci-
fied in the notes.  Moreover, the recitals in the writing
signed by the appellant January 9, 1895, are competent
for consideration in arriving at a conclusion as to the
meaning he intended should be given the clauses in the
deed.  In the absence of this writing that meaning is,
we think, clear, but with the aid of it all grounds on
which to even base a contrary contention disappear.

It was wholly immaterial to the validity of appel-
lant's contracts of assumption that the notes secured by
the trust deed were not signed by the maker of the trust
deed, but by another.  (*Daub* v. *Englebach*, 109 Ill. 267.)  The
appellant agreed to pay the designated portions of the
indebtedness evidenced by the notes as a part of the pur-
chase price due from him for the block.  The payment
thereof would release the block so purchased from the
encumbrance of the trust deed whether the notes secured
by such trust deed were signed by the maker thereof or
another.  The amount specified as assumed to be paid in
that clause included interest which had accrued.  The
rule to be observed in the calculation of interest would
not permit the computation of interest on this accrued
interest.  In the absence of any ruling to the contrary
in propositions of law, we assume the trial court enter-
tained the correct view as to the legal rule governing the
computation of interest.  The correctness of the compu-
tation of interest by the court is therefore a question of
fact.  (*Harding* v. *Kuessner*, 172 Ill. 125.)  Whether certain
of the partial payments made by appellant exceeded the
interest then due, and, to the amount of such excess, re-
duced the sum upon which interest should thereafter be
computed, is a question of fact not open for review in this
court.  *Harding* v. *Kuessner, supra.*

Notwithstanding the recitation in the deed containing
the assumption clauses, that the conveyance was made
"in consideration of $35,000 in hand paid by the second
party, (appellant,) the receipt whereof is acknowledged,"

it was proper to permit the introduction of parol proof to show the amount so recited as having been paid "in hand" was in part paid by the obligation to pay the sums specified to be paid in the assumption clauses. The rule that parol evidence is not admissible to vary or contradict the tenor of a written instrument applies only to the parties to the instrument. (17 Am. & Eng. Ency. of Law, 453.) Even a party to a deed may produce parol evidence to show the consideration was different from that expressed in the deed. (*Booth* v. *Hynes*, 54 Ill. 363; 17 Am. & Eng. Ency. of Law, 438.)

The fact an action on the notes could not have been maintained against Poucher, the maker of the notes, by reason of the operation of the Statute of Limitations as to him, presented no obstacle to a successful prosecution of an action against the appellant. It appeared from the evidence the appellant assumed the payment of the specified portions of the encumbrance on the property as a part of the purchase money he was to pay for the title to the property. He thereupon became personally liable to the holder of the notes as fully as if the agreement to pay such portion of the purchase money had been made directly to the holder of the notes for an adequate consideration. As to the holder of the notes the appellant became a principal debtor. (*Thompson* v. *Dearborn*, 107 Ill. 87; *Bay* v. *Williams*, 112 id. 91; 15 Am. & Eng. Ency. of Law, 838.) The appellant had a legal right to pay the debt and remove the lien of the trust deed and discharge the obligation resting upon him by force of the agreement incorporated in the deed. Therefore the payments made by the appellant operated to prevent the running of the Statute of Limitations in his favor.

In the deed which the appellant accepted, and by virtue whereof he held title to the block in question, the date of the execution of the trust deed is twice given. It was therefore unnecessary the court should have required any further proof as to the true date of such trust

deed. Nor, in view of the effect of the acceptance of the deed by the appellant, was it necessary that further proof should have been produced to explain the contradiction in the body of the deed and the acknowledgment thereof as to such dates.

As we have seen the fact the indebtedness secured by the trust deed was that of another than the party who executed the same in nowise affected the liability of the appellant under the assumption clauses, it was not error to refuse to permit the appellant to testify that mortgages and trust deeds were most usually given to secure the indebtedness of the maker of the instrument. The instrument in writing dated January 9, 1895, was prepared by the agent of the appellee's testator, sent to appellant by mail, signed by the appellant and returned through the mails to the testator of the appellee, who held it and acted under it until his death. It constituted a written agreement between the parties for an extension of the time of payment of the indebtedness existing by virtue of the assumption clauses, as fully as if signed by both. (3 Am. & Eng. Ency. of Law, 858, and notes.) Hence the court correctly refused to receive parol evidence as to the terms of the agreement evidenced by that writing.

The contentions that this instrument is void, as an agreement, for lack of mutuality; that it has reference only to past and not to future forbearance in the matter of the enforcement of the demand against the appellant; that at the time of its execution the law did not permit contracts for the payment of interest at the rate of eight per cent, and therefore the agreement was usurious in so far as it purported to bind the appellant to pay in the future at that rate, notwithstanding the rate was not usurious when the assumption agreements were entered into, are so manifestly groundless that further reference need not be made to them.

The judgment will be affirmed.

*Judgment affirmed.*