JOHN HARTMAN, Defendant in Error, *vs.* F. H. PISTORIUS *et al.* Plaintiffs in Error.   *94 N. E. 131.*

*Opinion filed February 25, 1911.*

1. APPEALS AND ERRORS—*deficiency decree entered in advance of the sale is not a final decree.* A decree entered in a foreclosure suit in advance of the sale, which merely establishes the right of the mortgagee to a personal decree if the sale does not produce enough to pay the mortgage debt, is not a final decree from which an appeal will lie, if nothing else but the right to the deficiency decree is involved.

2. SAME—*when defendants may appeal from decree entered in advance of foreclosure sale.* Where the question whether certain defendants were proper parties to a foreclosure suit is involved, and the decree, entered in advance of the sale, not only establishes the right of the mortgagee to a personal money decree for a deficiency but also orders execution to issue, on confirmation of the master's report, for any deficiency that might exist, such defendants may appeal from the decree.

3. SAME—*appeal by part of defendants operates as a severance.* An appeal to the Appellate Court by part of the defendants to a proceeding to foreclose a mortgage operates as a severance from the other defendants in the circuit court, and if their assignments of error are well taken the decree will be reversed as to them.

4. MORTGAGES—*court has no power to order execution to issue for possible deficiency.* In a foreclosure proceeding the court has no power to provide, in advance of the sale and before it can be known whether there will be any deficiency or the amount thereof, if any, that an execution shall issue, on the confirmation of the master's report, for any deficiency that may exist.

5. SAME—*grantee who assumes mortgage cannot defeat mortgagee's right by obtaining release from mortgagor.* A purchaser

of mortgaged premises who assumes the mortgage indebtedness as part of the consideration for the conveyance to him becomes personally liable for the debt and cannot defeat the mortgagee's right to hold him responsible by procuring a release from the mortgagor; but this rule does not apply to a mere executory contract to purchase, which is never consummated by a conveyance.

6. SAME—*when third person cannot be held for mortgage debt.* Where a third person enters into an agreement to purchase certain standing timber, subject to a chattel mortgage which the other party had assumed, but the contract is subsequently abandoned by the parties and a different arrangement made, there is no assumption of the mortgage debt by such third person, and he cannot be held personally liable by the mortgagee, who did not change his position in any particular on account of the proposed contract.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Wayne county; the Hon. J. R. CREIGHTON, Judge, presiding.

MILLS BROS., for plaintiffs in error.

W. W. SHELLEY, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

John Hartman, defendant in error, filed his bill in the circuit court of Wayne county against F. H. Pistorius and C. W. Pistorius, plaintiffs in error, and others, to foreclose a chattel mortgage on three hundred acres of standing timber. Plaintiffs in error were made defendants under an averment that they had or claimed some interest in the mortgaged property and had assumed, in writing, the payment of the mortgage debt. Plaintiffs in error denied by their answer that they had assumed, in writing or otherwise, the payment of the mortgage debt and disclaimed all interest in the property. Upon a hearing the court found that plaintiffs in error had assumed and agreed in writing, for a valuable consideration, to pay the mortgage debt, and

decreed a foreclosure of the mortgage and a sale of the timber. By the decree it was provided that if the amount of the sale should be insufficient to pay the mortgage debt, with interest, costs and expenses, the plaintiffs in error and three other defendants should pay the amount of the deficiency; that the master in chancery should specify such amount in his report, and upon confirmation of the report the defendant in error should have execution therefor. The court also allowed $100 to the defendant in error as a solicitor's fee, to be taxed as costs. All of the parties except plaintiffs in error were content with the decree, but they appealed from it to the Appellate Court for the Fourth District, and that court reversed the decree as to the solicitor's fee but affirmed it in all other respects. On petition of the plaintiffs in error to this court a writ of *certiorari* was awarded to review the judgment of the Appellate Court.

The material facts are as follows: On July 27, 1907, Edward A. Haynes sold to H. A. Six three hundred acres of growing timber in Wayne county and Six was to clear at least forty acres of land each year. On August 1, 1907, Six borrowed $1500 from John Hartman, the defendant in error, and gave his note for said sum due in six months, with seven per cent interest, secured by a chattel mortgage on the timber. On September 7, 1907, Six conveyed the timber to Brown & Osby, who assumed the payment of the mortgage. On October 15, 1907, Brown & Osby entered into a written contract with F. H. Pistorius and C. W. Pistorius, plaintiffs in error, by which Brown & Osby, as parties of the first part, agreed to pay to plaintiffs in error, as parties of the second part, $350, and to convey to plaintiffs in error all right, title and interest in the timber, subject to the mortgage of $1500, which plaintiffs in error agreed to pay. Plaintiffs in error on their part agreed to convey to Brown & Osby eighty acres of land in Perry county, subject to a mortgage of $1600, which was to be assumed by Brown & Osby. Plaintiffs in error reserved the timber on

the eighty acres, to be removed within two years, and mer-
chantable titles were to be furnished by both parties. Noth-
ing was done in pursuance of the agreement except that an
affidavit of Haynes was procured, to the effect that he had
made no transfers or conveyances of the timber except to
Six, and that there were no outstanding unsatisfied judg-
ments against him. No abstracts of title or other evidences
of title in either party were furnished, and no merchantable
title, or any other sort of title, was shown or conveyed by
anyone. Plaintiffs in error never took possession of the
timber and no timber was removed by them or anyone else.
The contract was deposited with an attorney for safe keep-
ing and one or the other of the parties had a copy of it.
Hartman, the defendant in error, was notified of the con-
tract and made inquiry as to the financial standing of the
plaintiffs in error, and being satisfied with the arrangement
made no objection, but he did not notify either of the par-
ties of his consent and had no dealings concerning the mat-
ter with the plaintiffs in error. On December 14, 1907, the
contract between Brown & Osby and plaintiffs in error was
abandoned by mutual consent, and they entered into a sec-
ond agreement, written across the face of the copy of the
original agreement, by which such original agreement was
satisfied and discharged in consideration of $50 paid by
Brown & Osby to plaintiffs in error and the delivery of a
quit-claim deed of the eighty acres in Perry county by the
plaintiffs in error to Brown & Osby.

A decree entered in a suit for the foreclosure of a mort-
gage in advance of the sale, which merely establishes the
right of the mortgagee to a personal money decree if the
sale does not produce enough to satisfy the mortgage debt,
is not a final decree from which an appeal may be taken,
since there may be no deficiency, and if there is, the amount
must be judicially determined. (*Eggleston* v. *Morrison,*
185 Ill. 577.) If this decree had gone no further and in-
volved nothing else the plaintiffs in error would have had

no right to an appeal, but the question whether the plaintiffs in error were proper parties to the foreclosure suit was involved, and the court ordered execution to issue, on confirmation of the master's report, for any deficiency that might exist, and this the court could not rightfully do. *Attebery* v. *Blair,* 244 Ill. 363.

Where one person makes a promise to another, based upon a valid consideration, for the benefit of a third person, such third person may maintain an action on the contract, and by virtue of that rule the purchaser of mortgaged premises who assumes the mortgage indebtedness as a part of the consideration for the conveyance to him becomes personally liable for such indebtedness and cannot defeat the mortgagee's right to hold him responsible by procuring a release from the mortgagor. (*Dean* v. *Walker,* 107 Ill. 540; *Bay* v. *Williams,* 112 id. 91; *Ingram* v. *Ingram,* 172 id. 287; *Webster* v. *Fleming,* 178 id. 140; *Harts* v. *Emery,* 184 id. 560.) These rules, however, cannot be applied to this case, for the reason that the plaintiffs in error never acquired title to the mortgaged property nor received or accepted a conveyance of it. There was a contract providing for a payment of $350 and a conveyance of the timber in consideration of a conveyance of eighty acres of land, and if the contract had been executed and the considerations had passed the plaintiffs in error would have become liable for the mortgage debt, but the contract remained wholly executory and was canceled by mutual agreement.

The substance of the argument in support of the decree is that there was an agreement, which, if executed, would have been a benefit to defendant in error; that plaintiffs in error could have had the timber, if they wanted it, by complying with the contract; that it was their fault if they did not get the timber and they ought not to be allowed to take advantage of their own wrong in not acquiring it, and that, having had an opportunity of acquiring the timber, they ought not to have the benefit of their own voluntary

act in abandoning or waiving their right. The argument is quite novel and does not appear to us to be sound. It is true that plaintiffs in error would have obtained title to the timber if Brown & Osby had paid the $350 and made a conveyance of it, which Brown & Osby had agreed to do if plaintiffs in error conveyed their Perry county land and both parties furnished merchantable titles, but the parties were as free to cancel and abandon the contract as they had been to enter into it. The defendant in error did not change his position in any particular and did not even notify either party of his willingness that the contract should be carried out. The plaintiffs in error did not agree to pay the mortgage debt in consideration of the making of the contract or the promise of Brown & Osby to make a conveyance, but the true consideration was the timber to be conveyed by a merchantable title and the cash payment. The parties were not bargaining for promises but for conveyances. (*Tyler* v. *Young,* 2 Scam. 444; *Mason* v. *Wait,* 4 id. 127; *Davis* v. *McVickers,* 11 Ill. 327; *Thompson* v. *Shoemaker,* 68 id. 256.) The plaintiffs in error were under no greater obligation to pay the mortgage debt than any other person would have been who had an option on the timber subject to the assumption of the mortgage debt.

The plaintiffs in error alone appealed to the Appellate Court, which operated as a severance from the other defendants in the circuit court, and the Appellate Court erred in not sustaining their assignments of error. The judgment of the Appellate Court affirming the decree against plaintiffs in error is reversed and the decree of the circuit court as to them is also reversed. The cause is remanded to the circuit court, with directions to dismiss the bill as to the plaintiffs in error.

*Reversed and remanded, with directions.*