(No. 27408.—

M. L. JOSLYN *vs.* CHARLOTTE C. JOSLYN *et al.*—(CHARLOTTE C. JOSLYN, Appellant, *vs.* M. L. JOSLYN *et al.*, Appellees.)

*Opinion filed March 21, 1944—Rehearing denied May 11, 1944.*

THOMAS HART FISHER, (NORMAN CRAWFORD, of counsel,) both of Chicago, for appellant.

LEWIS D. CLARKE, of Waukegan, guardian *ad litem*.

GEORGE B. STURTZ, of Chicago, and ERNEST S. GAIL, of Highland Park, for appellee M. L. JOSLYN.

HUBBARD, BAKER & RICE, (ALVIN GLEN HUBBARD, of counsel,) all of Chicago, for appellee George R. Joslyn.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant, individually and as next friend of her four minor children, together with the guardian *ad litem* of said children, by leave granted, appeals from a judgment of the Appellate Court, Second District, affirming a decree of the circuit court of Lake county, foreclosing a trust deed securing notes aggregating $20,000, executed by appellant, individually, and her then husband, and dismissing appellant's counterclaim.

Prior to September 15, 1937, George R. Joslyn occupied the premises known as 616 Center avenue, Lake Bluff,

Illinois, under a lease, which contained an option to purchase. On the date above stated, George R. Joslyn exercised the option and purchased the property for $29,000, and a contract for a deed was executed, $4000 being paid on the purchase price. Later $5000 cash was paid and a loan negotiated with the Joslyn Investment Corporation for $20,000, to pay the balance of the purchase price. On March 11, 1938, the owner executed a warranty deed conveying the premises to Charlotte C. Joslyn, appellant. On April 12, 1938, appellant and her husband, George R. Joslyn, executed four notes payable to bearer, *viz.* three for $1500 each, due April 12, 1940, 1941, and 1942, respectively, and one for $15,500 due April 12, 1943, with interest at six percent per annum, payable semi-annually. The interest was evidenced by interest coupons. All of the notes were payable at the office of the Joslyn Investment Corporation. To secure the payment of these notes, appellant and her husband executed and delivered a trust deed, conveying the premises to the Chicago Title and Trust Company, together with the rents, issues and profits thereof. George R. Joslyn paid the interest notes due October 12, 1938, and the 1938 taxes on the property. There was default in the payment of the interest notes due April 12 and October 12, 1939, and on January 25, 1940, Joslyn Investment Corporation wrote a letter to appellant's attorney advising him of the default in the payment of interest due, stating that the corporation had discussed with its attorney the matter of foreclosure, and as the notes contained an acceleration clause, the owner and holder of the notes and mortgage (Joslyn Investment Corporation) declared the entire indebtedness due and payable as of the date of the letter. Shortly thereafter this action to foreclose the trust deed was filed by M. L. Joslyn, father of George and president of Joslyn Investment Corporation, against the appellant Charlotte C. Joslyn, George R. Joslyn, Chicago Title and Trust Company, and one L. Olsen, a caretaker in possession.

Appellant made a demand for a bill of particulars of the following matters: (1) The interest of Joslyn Investment Corporation in the mortgage sought to be foreclosed; (2) the relative rights of M. L. Joslyn, plaintiff, and the corporation, and (3) the identity of the person of neuter gender referred to in paragraphs 8, 9 and 11, and in paragraph (e) of the prayer of the complaint. Plaintiff's attorney filed a bill of particulars stating (1) that Joslyn Investment Corporation had no interest in the trust deed; (2) that plaintiff M. L. Joslyn is the legal owner and holder of the note and trust deed, and (3) the identity of the person of neuter gender in the complaint is the plaintiff M. L. Joslyn.

George R. Joslyn by his answer admitted the execution and delivery of said notes and trust deed. Appellant by her answer admitted the execution and delivery of the notes and trust deed and her ownership of the record title to the premises in question, but denied that she or her husband were liable for the payment of said indebtedness on February 14, 1940, and that George R. Joslyn had become the lawful owner of said notes, and charged that plaintiff was trustee for George R. Joslyn pursuant to a conspiracy.

She also alleged that a written agreement was entered into between herself and her then husband, George R. Joslyn, on June 12, 1938, in which her husband agreed to pay the notes secured by the trust deed, to procure a policy of insurance upon his life in the sum of $20,000, and keep the same in force to pay the unpaid portion of said mortgage, said policy to be payable upon his death to the owner and holder of said notes secured by said mortgage. The answer also alleged that this proceeding should be enjoined; that should foreclosure be decreed, a judgment should be entered against George R. Joslyn and collected against his separate estate, and should the property be sold in foreclosure, a judgment should be entered against George R.

Joslyn for the sum of $35,000, the market value of the said premises. The answer also denied that the plaintiff is the owner or holder of said promissory notes and interest coupons attached thereto, or of the trust deed securing the same.

Appellant also filed a counterclaim in her own behalf and as next friend of her four named children, against plaintiff M. L. Joslyn, George R. Joslyn and Chicago Title and Trust Company, setting out the agreement of June 12, 1938; alleged that George R. Joslyn by that agreement agreed to hold her harmless from all liability and obligation arising by virtue of the notes and trust deed; that she executed and delivered said notes and trust deed by virtue of said understanding and agreement, oral at the time of executing the notes and trust deed and on June 12, 1938, reduced to writing; also alleging her reliance thereon, and charged that George R. Joslyn had paid and discharged the indebtedness.

The counterclaim also alleged that subsequent to April 12, 1938, George R. Joslyn and M. L. Joslyn entered into an unlawful conspiracy with the intention and for the purpose of causing George R. Joslyn to breach his said agreement with her, and to deprive her of the real estate described in said complaint; alleged that M. L. Joslyn did not own the notes and trust deed, and in the event the court should determine that M. L. Joslyn did own the notes, said ownership of them was held by said M. L. Joslyn exclusively for the benefit and account of George R. Joslyn and Charlotte C. Joslyn, and said notes and trust deed should be forthwith delivered up and cancelled, all indebtedness thereon having been fully discharged and paid; that in the event the court should determine that plaintiff is the owner or holder of any part of the indebtedness represented by said notes and trust deed, and that any part thereof has not been paid, that said George R. Joslyn was on the date of filing of the complaint and now is,

amply solvent and well able to pay and discharge all the liability against said premises, which he promised to pay and discharge, and that she is entitled to a judgment against George R. Joslyn for the full amount of any liability arising under said notes and trust deed, or constituting a charge or lien upon said premises, and no relief should be granted against her, and that in case it is determined that the plaintiff M. L. Joslyn is entitled to any relief, such relief should be reduced to a monetary judgment against George R. Joslyn.

The counterclaim also charged that counterclaimant's four children are third party beneficiaries under the written agreement and are entitled, as against both M. L. and George R. Joslyn, to a decree requiring the latter to pay and discharge any indebtedness against said premises, and to have their rights in and to said premises adjudged and decreed pursuant to said agreement of June 12, 1938. She alleges performance of each and every obligation required of her under said agreement of June 12, 1938, and that in the event the court decrees foreclosure of said trust deed and she be deprived of her interest in said premises, then she is entitled to a decree against George R. Joslyn and M. L. Joslyn, or either of them, for the full market value of said premises, which she alleged to be $35,000, and that she is entitled to judgment for said amount.

Plaintiff M. L. Joslyn replied to appellant's answer to the complaint and in answer to the counterclaim denied each and every allegation thereof. George R. Joslyn, in his answer to the counterclaim, admitted the execution of the agreement set out in the counterclaim and alleged that appellant immediately after the execution thereof refused to be bound by said agreement and repudiated the same continuously and at all times; that he offered to perform the same but she at all times declared the same to be void; that on September 26, 1938, she filed in the circuit court of Lake county a suit for separate maintenance, and for

the express purpose of setting aside the said agreement. He also alleged that on October 31, 1940, the superior court of Cook county, by its decree, granted Charlotte C. Joslyn a divorce from him and therein fixed each and all of her rights in and to any property of his, and that she is estopped to assert the validity of said agreement in this or any other court. He denied that the court had jurisdiction in this proceeding to determine any marital rights of Charlotte C. Joslyn as against him; that the superior court of Cook county has complete and exclusive jurisdiction of the subject matter of the contract to the exclusion of the circuit court of Lake county, and denied each and every other allegation of the counterclaim.

The original complaint was amended by making the four minor children of Charlotte C. and George R. Joslyn parties defendant. A guardian *ad litem* was appointed for said minor defendants and answered for them. The cause was referred to the master, who heard evidence and filed his report. Objections thereto were overruled and stood as exceptions before the chancellor. After a hearing on the exceptions the chancellor entered a decree for foreclosure and sale as prayed in the original complaint, dismissed the counterclaim for want of proof; apportioned the costs and taxed seventy-five percent, including the fees of the guardian *ad litem*, against appellant, and twenty-five percent against the plaintiff, and denied appellant any fees as next friend of the minors. Notice of appeal was filed and time fixed for filing a *supersedeas* bond. During that period, the property was sold and a decree entered approving the sale and for distribution, and entering a deficiency decree against George R. Joslyn and appellant for $7046.11. This second decree was also appealed from. Appellant appealed direct to this court. The cause was transferred to the Appellate Court, (*Joslyn* v. *Joslyn,* 380 Ill. 181.) That court affirmed the decree except as to the amount of the master's fees, and entered judgment for the master's fees

in the sum of $895. The cause is here on leave granted by this court.

Appellant urges four errors: (1) plaintiff in the foreclosure failed to sustain the burden of proving himself to be the owner or holder of the mortgage notes; (2) no estoppel has occurred against appellant and her minor children sufficient to destroy their rights in real estate or to recover damages under the formal contract; (3) the second decree appealed from, affirming the master's report of sale and distribution, and entering a deficiency judgment against Charlotte C. and George R. Joslyn for $7046.11, violated the *supersedeas* appeal, and (4) a judgment should be entered (if foreclosure is allowed) in favor of Charlotte C. Joslyn and her four minor children for $26,046.11, against George R. Joslyn, under paragraph 5 of the June 12, 1938, contract.

Appellant insists, in support of her first contention, that Joslyn Investment Corporation, having been proved to be the original maker of the loan and the owner and holder of the mortgage notes from April 12, 1938, to June, 1940, and thereafter, is presumptively the legal holder thereof and not the plaintiff. It is not disputed that the loan was made by the Joslyn Investment Corporation and that it owned the notes on January 25, 1940, when it gave notice to the makers of the notes of default in payment of interest. Suit to foreclose the notes and trust deed was filed on February 14, 1940. The notes, being bearer notes, were offered in evidence and admitted without objection of attorney for the defendants. The record shows, and it is not disputed, that M. L. Joslyn, at the time this suit was filed, was the president of the Joslyn Investment Corporation. The attorney who filed the suit for plaintiff was also the attorney for the Joslyn Investment Corporation. While it is true that there is no competent proof that the plaintiff was the owner and holder of the notes and trust deed, the notes were payable to bearer, and were in the hands of plaintiff's

attorney when suit was filed. The rule is that possession of bearer paper is *prima facie* evidence of title thereto, (*Henderson* v. *Davisson,* 157 Ill. 379,) and sufficient to entitle the plaintiff to a decree of foreclosure. (*Foreman Trust and Savings Bank* v. *Cohn,* 342 Ill. 280.) This court has held that an individual may be the holder of a note and as such maintain a suit thereon or a bill to foreclose a mortgage securing such note, even though such holder has no beneficial interest in the note. (*Dillon* v. *Elmore,* 361 Ill. 356; *Bourke* v. *Hefter,* 202 Ill. 321.) There was no evidence to overcome the *prima facie* case of ownership in M. L. Joslyn.

Appellant admitted the execution and delivery of the notes and trust deed and that the consideration therefor was completion of the payment of the purchase price of the property. She had no defense against the notes and mortgage as between her and the owner and holder thereof, unless she proved her affirmative defense that her husband had paid the notes and that he and his father entered into a conspiracy to take the property from her. She does not contend that she maintained that burden and does not complain that the decree should have found that she had done so. Her only defense was an oral contract made simultaneously with the execution of the notes and trust deed, and on June 12, 1938, reduced to writing, between her and her husband, whereby he promised to pay the notes and mortgage, which he failed to do. There is no proof of such oral contract. The written contract was not in existence when the notes were given and is not binding upon the owner or holder of them. This disposes of appellant's first contention.

Appellant's contention that no presumption of ownership in plaintiff, without proof thereof, can be indulged as against the rights of the minors is equally without merit. The written contract relied upon, giving the minors an interest in the property, was executed subsequent to the

execution and delivery of the notes and trust deed. No earlier contract was proved and no proof was made that the Joslyn Investment Corporation or M. L. Joslyn was a party to or had notice of such a contract. Plaintiff is in no way bound by the provisions of the written contract for the minors' benefit. The amendment to the complaint made the minors parties and alleged that they claimed to have some interest in the property, which, if any they had, accrued to them subsequent to the execution and delivery of the notes and trust deed. No proof appears disputing this allegation.

Appellant insists the decree affirming the master's report of sale, and for distribution, and entering a deficiency judgment against the makers of the notes for $7046.11, violated the *supersedeas* appeal. Appellees contend the appeal bond under section 82 of the Civil Practice Act operates only from the time an appeal bond is filed and approved, and as the bond was not filed and approved until after the sale, the decree approving the sale and distribution was proper. The decree of foreclosure was entered November 28, 1941. On December 17, 1941, within twenty days, appellant filed her notice of appeal with proof of service of notice thereof. On December 16 the court fixed the appeal bond at $2000 and extended the time to file the same to January 8, 1942, which time was further extended to January 19, 1942. On January 19, 1942, the court approved the appeal bond and ordered the same filed. The appeal became a *supersedeas.* The master sold the property on December 23, 1941. The decree approving the master's sale and distribution, was entered December 24, 1941. Under the Civil Practice Act, service of notice of appeal within thirty days after the entry of the judgment or decree, operates as an appeal, and section 82 of the act provides: "(1) An appeal to the Appellate or Supreme Court shall operate as a supersedeas only if and when the appellant, after notice duly served, shall give and file a bond in

a reasonable amount, to secure the adverse party. * * * If notice of appeal is served within twenty (20) days after the entry of the * * * decree complained of, and if bond is given and filed and approved within thirty (30) days after such entry, or within such further extended time as the trial court may allow within such thirty (30) days or any extension thereof, the notice of appeal shall, upon the approval of the bond, operate as a supersedeas."

No provision is made requiring the entry of an order making an appeal a *supersedeas,* where notice of appeal is served, as in the instant case, within twenty days after the entry of the decree appealed from, and a bond is filed within thirty days or within such further extended time as the trial court shall allow within such thirty days. The act requires only that within the time specified by the act or within such further extended time, appellant shall give and file the bond. The service of notice of appeal by appellant and the order fixing the amount of the bond, entered within twenty days after the entry of the decree, was notice to appellees and the master that if a bond in the sum of $2000 was filed and approved within thirty days after the entry of the order fixing the amount of the bond, or within such time as extended by order entered within the thirty days, the appeal would act as a *supersedeas.* Notwithstanding the decree of foreclosure provides that, if payment was not made within the time fixed therein, the property was to be sold, the master was charged with knowledge that the decree does not become final until the expiration of thirty days after its entry, and any party to the suit feeling himself aggrieved, might, within such thirty days, appeal therefrom, and if bond is filed within the time fixed by the court, that appeal becomes a *supersedeas.* The purpose of section 82 of the Civil Practice Act is to give an appellant opportunity to file the *supersedeas* bond required, and appellee had no right to procure a sale of the property on December 23. The *supersedeas*

bond was filed within the time fixed by the court and the master has no power to proceed to sell the land until the appeal is finally determined. (*State Bank of St. Charles* v. *Burr,* 372 Ill. 114; *Retzinger* v. *Retzinger,* 337 Ill. 378.) The circuit court erred in approving the master's report of sale and distribution and the Appellate Court erred in affirming that order.

Appellant's second and fourth assignments of error will be considered together. It is contended that there is here no estoppel against her. Her counsel say that an unsworn pleading in another case, upon which no determination is had and no action by the opposing party has been based, does not constitute an estoppel against appellant and her minor children sufficient to destroy their rights in real estate or their right to recover damages under a formal contract under seal, and the circuit court, in decreeing foreclosure, erred in not entering a judgment in favor of appellant and her four minor children under the June 12, 1938, contract.

Section 38 of the Civil Practice Act (Ill. Rev. Stat. 1941, chap. 110, par. 162,) provides: "(1) Subject to rules, any demand by one or more defendants against one or more plaintiffs, or against one or more co-defendants, whether in the nature of a set-off, recoupment, cross-bill in equity or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, may be pleaded as a cross-demand in any action, and when so pleaded shall be called a counterclaim." There is no rule of this court which prevents a joining of the various issues involved in this proceeding in a single action. The language quoted clearly permits the filing of a counterclaim in a suit to foreclose a mortgage. *State Bank of St. Charles* v. *Burr,* 372 Ill. 114.

The chancellor dismissed the counterclaim and the Appellate Court affirmed the order of dismissal. The contract under seal, entered into for a valuable consideration, was

a valid contract. It provided that the four minor children of George R. and Charlotte Joslyn be third party beneficiaries. It was binding on both parties. By its terms George R. Joslyn agreed to pay the $20,000 notes secured by trust deed, in return for which his wife, appellant, agreed not to encumber or sell the premises without his consent, and to make testamentary disposition of the property so title to it would pass on her death to their four children, if living, and if not, then to him. Provision was also made for his payment of $1000 per month for her support and that of their four children, to be reduced if his income was less than $30,000 in any one year. By paragraph 5 of the contract the purpose of the same is declared to be to assure and guarantee that the real property located in Lake Bluff, Illinois, should ultimately be appellant's, free and clear of the trust deed. Paragraph 12 provided that no modification or waiver of any of the terms thereof shall be valid unless in writing, signed by each party, and paragraph 13 provided that it should not be construed to prevent either party from suing for an absolute or limited divorce, and that no decree so obtained by either party shall in any way affect the agreement or any of the terms, covenants or conditions, the agreement being absolute, unconditional and irrevocable and both parties intending to be legally bound thereby. Paragraph 9 provides that if the husband defaults in performance of the conditions to be performed by him, the wife at her election may sue for damages or bring an action for support and maintenance.

George R. Joslyn does not deny that he breached the contract. While the contract cannot affect the rights of the owner and holder of the notes secured by the trust deed, the property is, by reason of our holding that the master was without power to sell the property under the decree, during the pendency of the appeal therefrom, still owned by appellant, subject to the decree of foreclosure.

George R. Joslyn has it within his power to pay the notes and obtain a release of the trust deed, thereby restoring the propery to appellant under the terms of the contract. The contract was a valid one under seal. Notwithstanding appellant may have, by her pleadings in the suit for separate maintenance filed in the circuit court of Lake county, which suit was dismissed, and in her suit for divorce in the superior court of Cook county, alleged that the contract was void, there was no adjudication construing the contract, cancelling it or declaring it null and void. In other words, the contract insofar as any adjudication thereunder was concerned, was and is in full force and effect.

·Appellee George R. Joslyn insists that appellant, having submitted her right to alimony to the superior court of Cook county in her divorce case, and having recovered a decree therein, is barred by such decree from asserting any rights under this contract. The divorce decree, in which alimony was fixed, was permissible under the specific terms of paragraph 13 of the contract, and the filing of the suit for divorce and fixing the amount George R. Joslyn should pay his wife for her support and that of their four minor children, did not in any way adjudicate and determine the rights of appellant and her four minor ·children under the provisions of the contract, with reference to the promise made by George R. Joslyn to pay the notes secured by the trust deed.

The rule is well established that where a person makes a promise to another, based upon a valid consideration, for the benefit of a third person, such third person may maintain an action on the contract. (*Hartman* v. *Pistorius,* 248 Ill. 568; *Harts* v. *Emery,* 184 Ill. 560; *Webster* v. *Fleming,* 178 Ill. 140; *Ingram* v. *Ingram,* 172 Ill. 287; *Bay* v. *Williams,* 112 Ill. 91; *Dean* v. *Walker,* 107 Ill. 540.) In *Anderson* v. *Williams,* 262 Ill. 308, William P. Williams, by his will, created a trust for the benefit of his daughter Mary W. Anderson, during her life, the corpus of the

trust to pass to her then minor children if they survived her, and if not, to the living child or children of the testator. A son, J. A. Williams, and a son-in-law, were named trustees. All the children of the testator except the son J. A. Williams, who was one of the trustees, agreed with Mary W. Anderson, with the consent of the son-in-law Patty, one of the trustees, to terminate the trust. A bill to construe the will, in which the consent of the residuary beneficiaries of the trust was stated, was filed. This court, in affirming a judgment of the Appellate Court which reversed the decree of the circuit court terminating the trust, said: "Mary W. Anderson has four minor children, who, if they survive her, will take an interest in the trust fund, and the trust was created, in part, for their benefit. It could not, therefore, be terminated by the consent and agreement of Mary W. Anderson, the other adult heirs of the testator and the trustees." So in this case, appellant could not, had she desired so to do, which she did not, by consent or act, terminate that part of the contract which was entered into in part for the benefit of her minor children. The contract was a valid one under seal. The record does not establish that she repudiated it and she could not do so, so far as the rights of her minor children are concerned. The circuit court erred in dismissing the counterclaim and the Appellate Court erred in affirming that order. Objections made to taxing costs, including master's fees, need not be treated in this opinion.

That part of the judgment of the Appellate Court affirming the decree of foreclosure is affirmed; that part affirming dismissal of the counterclaim is reversed, and that part which affirmed the order approving the master's report of sale and distribution is reversed, and the cause is remanded to the circuit court with directions to proceed in accordance with the views herein expressed.

*Affirmed in part and reversed in part,*
*and remanded, with directions.*