Settle Order.

**In re TONI'S CONVERSATION CLOTHES, INC., an Illinois corporation, Debtor.**

**TONI'S CONVERSATION CLOTHES, INC., an Illinois Corporation, Plaintiff,**

v.

**FIRST BANK OF OAK PARK as Successor to the Oak Park National Bank, as Trustee under Trust No. 8170, Defendant.**

**Bankruptcy No. 81 B 6036.
81 A 3616.**

United States Bankruptcy Court,
N. D. Illinois, E. D.

July 22, 1982.

---

sidered the pleadings and memoranda, hereby denies the plaintiff-debtor's application and grants the defendant's motion for summary judgment.

The plaintiff-debtor (Toni's) claims that the defendant (Bank) who is the lessor of the premises in which Toni's store is located breached its covenant not to lease to a competitor of Toni's in the same shopping center. The Bank contends that Toni's lacks standing to sue for breach of covenant, that the Bank did not breach the covenant and that even if the Bank had breached the covenant, Toni's acquiesced in such breach and has waived its right to assert the claim.

## FINDINGS OF FACTS

1. On January 10, 1970 Antoinette Cerone, d/b/a Toni's Conversation Clothes, as lessee entered into a written lease agreement with the defendant Bank as lessor, for the premises located within the Tradewinds Shopping Center, Hanover Park, Illinois.

2. The lease agreement between the parties contained a covenant that the landlord Bank, so long as Toni's was not in default, would not rent any space in the shopping center to a tenant whose principal business was a full line woman's wear shop in Toni's price range of medium to better.

3. The Lease Agreement was amended on June 14, 1971, November 3, 1972 and September 8, 1978. All lease agreements as amended contained the restrictive covenant regarding competitors.

4. In December of 1975, Antoinette Cerone, d/b/a Toni's Conversation Clothes, incorporated her business as an Illinois Corporation under the corporate name Toni's Conversation Clothes, Inc.

5. On September 1, 1976 under a sublease with Zayre, Inc., "Hit or Miss", a discounter of woman's apparel, opened a store in the Tradewinds Shopping Center. The sublease from Zayre, who had been a tenant in the shopping center since October 30, 1968 was not subject to approval from the lessor Bank. In fact, "Hit or Miss" was an affiliate of Zayre and Zayre's lease in

Joseph Matz and Mitchell Jones, Daniel Meenan, Jr., Ronald Brown, Chicago, Ill., for debtor.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This cause came to be heard on the plaintiff-debtor's application for summary judgment as to liability and the defendant's motion for entry of summary judgment in its favor. The court, being fully advised in the premises and having carefully con-

provision 17.2(c) specifically stated that Zayre could at any time during the term of the lease assign its interest in the lease or sublet the whole or any part of the demised premises for any purpose to any business organization affiliated with Zayre.

6. On September 3, 1976 and on numerous other occasions the plaintiff orally informed the Bank through its agent, Jay Heyman of Landau and Heyman, Inc. of its displeasure with the presence of "Hit or Miss" and contended that this was a direct violation of the restrictive covenant in its lease agreement.

7. On May 20, 1981 Toni's filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code.

8. On August 6, 1981 the Bank filed an Application to Compel Adoption or Rejection of the Lease Agreement and on September 21, 1981 an order was entered by this court finding that Toni's elected to adopt the lease as modified.

## DISCUSSION

Section 56 of the Federal Rules of Civil Procedure provide the standards for when it is proper to render a summary judgment. Section 56(c) states that "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

This case presents an unusual situation. Toni's presented a petition for summary judgment. The Bank both responded to that petition and filed its own motion for summary judgment. As a result, clearly both parties contend that there are no material issues of fact and this case is ripe for summary judgment in someone's favor.

While Toni's and the Bank's recitation of the facts are not identical, no material controversy over them exists. Therefore, summary judgment is proper based on a resolution of the following law questions:

1. Whether or not Toni's is a proper third party beneficiary under the lease to bring this action.

2. Whether or not the Bank is guilty of a breach of the lease's restrictive covenant.

3. Whether or not if the Bank did breach its lease, did Toni's nevertheless waive its right to bring this action due to lack of notice or unreasonable delay.

*Proper Parties*

It is not disputed by the parties that the lease entered into listed the tenant as Antoinette Cerone, d/b/a Toni's Conversation Clothes. When Toni's incorporated in 1975 the tenant's name under the lease was not changed nor was it ever changed in subsequent leases. As a result, the Bank contends that Toni's may not properly bring this action and only Antoinette Cerone herself could properly bring this action. The rule in Illinois is well established that where a person makes a promise to another, based upon valid consideration for the benefit of a third person, such third person may maintain an action on the contract. *Joslyn v. Joslyn*, 386 Ill. 387, 54 N.E.2d 475, *Hartman v. Pistorius*, 248 Ill. 568, 94 N.E. 131, *Harts v. Emery*, 184 Ill. 560, 56 N.E. 865. The test regarding third party beneficiaries is whether the benefit to the third person is direct to him or is but an incidental benefit to him arising from the contract. The beneficiary must be identified before he has an enforceable right but it is not necessary that he should be identified or identifiable at the time the contract is made. *Avco Delta Corp. Canada Ltd. v. U. S.*, 484 F.2d 692 (C.A. 7 1973).

When the corporation Toni's Conversation Clothes, Inc. was formed, the lease was not changed to so reflect that fact. The lease, however, clearly reflected at all times that it was made for the benefit of Toni's Conversation Clothes. The Bank knew that Toni's had incorporated and accepted rent checks from the corporation. Clearly, the intention of the parties as gleaned from the entire lease and surrounding circumstances must have been to have Toni's directly benefit from that lease.

*Carson Pirie Scott & Co. v. Parrett*, 346 Ill. 252, 178 N.E. 498 (1931). Therefore, Toni's is a proper third party beneficiary to bring this action under the lease.

*Breach of the Lease*

■ Toni's is contending that in late 1976 the woman's wear shop "Hit or Miss" was allowed to lease space in the Tradewinds Shopping Center in violation of the restrictive covenant contained in Toni's lease. Toni's has submitted affidavits based on personal knowledge from Antoinette Cerone, president of Toni's and Carol Reed, corporate officer of the company which operates "Hit or Miss". These affidavits state clearly that Toni's and "Hit or Miss" carry similar lines of merchandise. Further, the Bank has not contradicted Toni's affidavits with their own affidavits or other relevant evidence as is required under § 56(e) of the Federal Rules of Civil Procedure. *Adickes v. S. H. Kress and Co.*, 398 U.S. 160, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), *Morrison v. Walker*, 404 F.2d 1046 (C.A. 9 1968). Therefore, there is no dispute as to the fact that "Hit or Miss" is a "tenant whose principal business is a full line of women's wear shop in tenant's price range of medium to better" as contemplated by the lease agreement.

The real issue here revolves around the fact that the Bank did not enter into the lease agreement with "Hit or Miss". On September 1, 1976 "Hit or Miss" obtained a sublease in the Tradewinds Shopping Center from Zayre, Inc. Zayre had been a tenant in the center since October 30, 1968, prior to the time Toni's became a tenant. The Zayre lease explicitly allowed Zayre at any time during the term of its lease to assign its interest in the lease or sublet all or any part of the demised premises for any purpose to any business organization affiliated with Zayre. "Hit or Miss" is an affiliate of Zayre and therefore the lessor Bank had no control or right of approval over the sublease to "Hit or Miss".

■ As a result of the foregoing, Toni's can maintain no breach action against the Bank. The lease agreement contemplated that the Bank would lease no premises to a competitor of Toni's. The Bank here did not so lease any premises. "Hit or Miss" obtained its position as a sublessor from the tenant Zayre, Inc. Unless a lessor reserves the right to approve subleasing or assignments, the lessee is not prohibited from subletting or assigning its right under the lease. *Edelman v. F. W. Woolworth & Co.*, 252 Ill.App. 142 (1929), *Glanz v. Halperin*, 251 Ill.App. 572 (1929). Here not only did the Bank have no reserved right to approve subletting, the lease with Zayre specifically allowed Zayre to so sublet.

■ Covenants not to compete as such do not run with the land. The restraint goes no further than the words extend it. *Postal Telegraph—Cable Co. v. Western Union Telegraph Co.*, 51 Ill.App. 62 (1893). Here the lease prohibits the lessor Bank from leasing to a competitor of Toni's. The Bank has not violated that lease provision. The allowing of "Hit or Miss" to open up a store in the Tradewinds Shopping Center was not under the direction, control or approval of the Bank.

Given the above, it is not necessary to and this court does not reach the merits on whether Toni's waived its right to bring the breach of lease agreement action.

## CONCLUSIONS OF LAW

It is well established in Illinois that where a person makes a promise to another based upon valid consideration and that promise is for the clear benefit of a third party, that third party may maintain an action on that lease or contract. Clearly the corporate debtor here was a third party beneficiary to the lease agreement at issue and a proper party to bring this action.

■ Second, it has long been recognized that a tenant may bring an action against his landlord for breach of covenant. However, restraints under covenants go no further than the words extend them. Here the lessor did not breach any part of the lease. The tenant Toni's is complaining about is a sublessee of Zayre, Inc. The landlord had no control over that sublease agreement nor

did it or could it have approved or disapproved of such agreement.

WHEREFORE, IT IS HEREBY ORDERED that the plaintiff-debtor's application for summary judgment as to liability is denied and the defendant Bank's motion for summary judgment in its favor is granted.